[Civ. No. 19072. Third Dist. July 16, 1980.]

RICHARD EUGENE BLAKE, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Philip F. Stanger for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and Shirley A. Nelson, Deputy Attorneys General, for Real Party in Interest.

OPINION

EVANS, J.—Penal Code section 859b[1] has been held to provide an absolute right in favor of *persons in custody* charged with felonies to have a preliminary examination commenced within 10 court days after they have been arraigned. (*Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459, 464 [142 Cal.Rptr. 882].)

The primary question presented by this writ petition is whether the absolute right to a preliminary examination within 10 days of arraignment applies to petitioner who, at the time of his arraignment, was confined in Folsom Prison following a conviction on unrelated charges.

We conclude that the legislative reason for eliminating good cause extensions of the 10-day preliminary hearing requirement does not apply to those persons in custody not entitled to bail.

Petitioner was indicted July 31, 1979,[2] and arraigned August 10, 1979; he requested a postindictment preliminary hearing (*Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916]), and that hearing was not conducted until September 12, 1979, following four continuances, each granted upon a finding of good cause.

On August 30, 1979, petitioner made a motion to dismiss, asserting the provisions of section 859b required the preliminary hearing be conducted within 10 days of his arraignment as he was in custody. That motion was denied and following his preliminary hearing, he was held to answer to the charges; at his rearraignment on the indictment on September 12, he entered pleas of not guilty to each offense and denied the allegation of a prior conviction.

A motion to dismiss (§ 995) was made on the basis that he was denied a preliminary hearing within 10 days of arraignment and alterna-

---

[1]Unless otherwise stated, all code references will be to the Penal Code.

[2]Petitioner was charged in count I with lewd and lascivious acts with a child under 14 years of age (Pen. Code, § 288); in count II, a second violation of Penal Code section 288 while armed with a firearm (Pen. Code, § 12022, subd. (a)); in count III, kidnaping (Pen. Code, § 207) while armed with and using a firearm (Pen. Code, §§ 12022, subd. (a), 12022.5, and 1203.06, subd. (a)(1)); and, in count IV, possession of a concealable firearm by an ex-felon (Pen. Code, § 12021). One prior conviction was also alleged.

tively, was denied a speedy trial due to prearrest prosecutorial delay. The motion was denied and this writ petition ensued.

Penal Code section 859b provides in relevant part: "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later. In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days."

In *Serrato v. Superior Court, supra,* 76 Cal.App.3d at page 465, the court observed that ". . . the 10-day deadline applies only to persons who are in custody, and this fact, per se, manifests a legislative policy to eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom." Inasmuch as the purpose to be served by the mandatory 10-day time limit is to insure that those persons charged with felonies who are unable to post bail are not confined for more than 10 court days without a judicial determination of the existence of probable cause, the phrase "whenever the defendant is in custody" as used in section 859b must be applied only to those defendants in custodial confinement solely attributable to the charges which are the subject of the preliminary hearing. (Cf. *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789]; *In re Hodges* (1979) 89 Cal.App.3d 221 [152 Cal.Rptr. 394].)

In *Irving v. Superior Court* (1979) 93 Cal.App.3d 596, at page 599 [155 Cal.Rptr. 654], the court stated, "The language of Penal Code section 859b is precise: 'In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment . . .' Petitioner was in custody at the time of arraignment. His subsequent release from custody is irrelevant to his statutory right. The only exception permitted is for a defendant who 'personally' waives his right to a preliminary examination within 10 days." An examination of that opinion indicates that Irving was in custody due to the pending charges.

The court was not required to nor did it address the question with which we are confronted. We conclude the *Irving* court's statement, "The only exception permitted is for a defendant who 'personally' waives his right..." applies only to those defendants in custody by reason of the pending charges.

In this instance the petitioner was in penal custody by reason of his prior conviction and sentence to prison. As a result of that prison term, we have determined that petitioner was not "in custody" within the meaning of section 859b.

Although petitioner did not discuss the good-cause basis for the continuances, we nonetheless felt constrained to examine the factual bases for each continuance and did not find any abuse of the court's power to grant those continuances predicated upon good cause.

On August 17 and 20, defendant was not present for the scheduled hearings due to difficulty with the order to transport him from Folsom Prison to court; those absences constituted good cause for the continuances. On August 30, the public defender was relieved as counsel due to a conflict involving a witness, and the matter was then continued until September 11 to permit new defense counsel to prepare; that continuance was based upon good cause. (See *People* v. *Maddox* (1967) 67 Cal.2d 647, 652 [63 Cal.Rptr. 371, 433 P.2d 163].) Finally, on September 11, the matter was continued one more day for "Good cause appearing to the Court." We conclude that each of the postponements was for good cause; his rights under section 859b were not impinged.

Petitioner also contends he was denied his right to a speedy trial by prosecutorial delay. Specifically, he attacks the delay between the filing of the complaint on June 14, 1978, and his initial arraignment on those charges May 14, 1979. He predicates his contention on the following factual sequence.

The charged offenses occurred on May 27, 1978, and June 13, 1978. On June 14, 1978, a complaint charging those offenses was filed in the Sacramento Municipal Court, and an arrest warrant issued. The Sacramento County Sheriff's office attempted to serve the warrant in Sacramento during June 1978, without success. Ultimately, the sheriff's office was advised that petitioner had left the state. The matter was then turned over to the fugitive division. In late July, it was learned

that petitioner was in custody in Hermosa Beach, Los Angeles County, and on July 24, 1978, he was arrested on the Sacramento warrant.

A warrant abstract was sent to the Los Angeles authorities, and they confirmed the Sacramento hold and stated that Sacramento authorities would be notified when local charges against petitioner had been concluded. In October 1978, Sacramento authorities inquired about petitioner's availability and were again advised of pending charges in Los Angeles.

In February 1979, petitioner was convicted on the Los Angeles charges and was sentenced to prison at Chino. Sacramento was notified of that fact on April 4, 1979; on May 2, 1979, information was received that petitioner was at Folsom Prison and available. Sacramento authorities picked him up there, and he was arraigned on the Sacramento charges May 14, 1979.

■ In a case involving postindictment delay, prejudice is presumed. The People must assume the burden of establishing good cause for the delay. If good cause cannot be shown, the matter must be dismissed. (Cal. Const., art. I, § 15; Pen. Code, §§ 686, subd. 1; 1382, subd. 2.)

■ Section 1382, subdivision 2, implemented the general constitutional requirement of a speedy trial by requiring that a defendant be brought to trial within 60 days of the indictment or information, and if not so tried, the action must be dismissed unless good cause for the delay is shown. (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 740 [91 Cal.Rptr. 578, 478 P.2d 10]; *Scherling* v. *Superior Court* (1978) 22 Cal.3d 493, 504 [149 Cal.Rptr. 957, 585 P.2d 219].) This guarantee of speedy trial under the Constitution has been extended to the prearrest stage. (*Ibid.*) However, in this instance, petitioner has not invoked the provisions of section 1382 but rather claims he has been denied due process and his right to speedy trial as generally provided by the California Constitution. Upon such a claim, petitioner is required to show actual prejudice which is then balanced against any asserted justification for the delay. (*Jones* v. *Superior Court, supra*, 3 Cal.3d 734.)

The fatal flaw in petitioner's contention is his failure to demonstrate that he suffered cognizable prejudice as a result of the delay. Although he made a vague offer of proof that two potential witnesses are deceased and that four alibi witnesses were "no longer available for

varying reasons," he failed to articulate specific facts demonstrating the existence of such witnesses and that they are in fact unavailable. Such unsupported conclusionary assertions are insufficient to establish actual prejudice. (*Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 441-442 [121 Cal.Rptr. 457, 535 P.2d 321].) As a result, there is no need to resort to a balancing process to resolve petitioner's constitutional claim. Petitioner's right to a speedy trial guaranteed by the California Constitution has not been impinged.

▉ In contrast to the extension of the state constitutional guarantee of speedy trial to prearrest delay (*Scherling* v. *Superior Court, supra*, 22 Cal.3d at p. 504; *People* v. *Allen* (1979) 96 Cal.App.3d 268, 275 [158 Cal.Rptr. 54]), the speedy trial protection afforded by the federal Constitution does not extend to the filing of a complaint. Rather, ". . . it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." (*United States* v. *Marion* (1971) 404 U.S. 307, 320 [30 L.Ed.2d 468, 479, 92 S.Ct. 455]; see also *People* v. *Hannon* (1977) 19 Cal.3d 588, 605-606 [138 Cal.Rptr. 885, 564 P.2d 1203]; *People* v. *Allen, supra*, 96 Cal.App.3d at p. 275.) The California Supreme Court has interpreted that language to mean that under the federal Constitution, the Sixth Amendment right to a speedy trial does not extend to the prearrest stage when the sole accusation against an individual consists of the filing of a criminal complaint. (*People* v. *Hannon, supra*, 19 Cal.3d at pp. 607-608.) Since evidence was presented that petitioner was arrested on July 24, 1978, on the Sacramento charges as well as on other unrelated charges, petitioner's federal constitutional right to a speedy trial was triggered on that date.

▉ Unlike the state test, under the federal test established in *Barker* v. *Wingo* (1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182], a showing of prejudice to the defense at trial is not essential to establish a federal speedy trial claim. (*Moore* v. *Arizona* (1973) 414 U.S. 25, 26 [38 L.Ed.2d 183, 185-186, 94 S.Ct. 188].) Rather the related factors of length of delay, reason for delay, the assertion of a right to a speedy trial and the prejudice to the defendant must all be balanced to determine if there has been a federal constitutional violation. (*Ibid.*) Here the delay in proceeding with petitioner's prosecution, if measured by the filing of the complaint to petitioner's first arraignment in May 1979, was 11 months. However, until February of 1979, the reason for the delay was

the petitioner's absence from Sacramento and his subsequent custody and trial in Los Angeles. It is not unreasonable to delay the Sacramento prosecution until the completion of the Los Angeles criminal proceedings. (*Crockett* v. *Superior Court, supra*, 14 Cal.3d at p. 441.)

Sacramento authorities were notified of petitioner's first availability for trial on April 4, 1979. Upon learning of petitioner's availability, the Sacramento authorities acted with reasonable dispatch in petitioner's prosecution. Applying the federal balancing test of *Barker* v. *Wingo, supra*, 407 U.S. 514, we also fail to discern any denial of petitioner's federal constitutional right to a speedy trial.

Having served its purpose, the alternative writ is discharged and the petition for a peremptory writ of mandate is denied. The stay heretofore issued is dissolved.

Regan, Acting P. J., and Blease, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 11, 1980. Mosk, J., and Newman, J., were of the opinion that the application should be granted.