[No. B076810. Second Dist., Div. Six. Jan. 19, 1995.]

In re EFRAIN AVINA SAMANO on Habeas Corpus.

[No. B077002. Second Dist., Div. Six. Jan. 19, 1995.]

In re JUAN JOSE CASTRO-GAXIOLA on Habeas Corpus.

**COUNSEL**

Thomas W. Sneddon, Jr., District Attorney, and Gerald M. Franklin, Deputy District Attorney, for Appellant.

David M. Bixby for Respondent in No. B076810.

Lonnie B. Springer for Respondent in No. B077002.

Michael P. Judge, Public Defender (Los Angeles), John Hamilton Scott, Deputy Public Defender, and Patrick Thomason as Amici Curiae.

## OPINION

**YEGAN, J.**—In consolidated cases, the People appeal from the orders of the Santa Barbara Superior Court granting Efrain Avina Samano's and Juan Jose Castro-Gaxiola's petitions for writs of habeas corpus.[1] They sought release from custody pursuant to Penal Code section 859b on their own recognizance after the preliminary hearing was continued.[2] The People contend that the superior court erred in ruling that section 1050.1 was inapplicable to preliminary hearings and that section 859b mandated their release on respondents' own recognizance.[3] As we shall explain, the People's contention is meritorious.

---

[1] We granted rehearing in Samano (B076810) and have considered the amici curiae briefs of the Los Angeles Public Defender's office and the California Public Defenders Association. We also order the consolidation of the People's appeal in the Castro-Gaxiola case (B077002) since the issues are identical.

[2] All statutory references are to the Penal Code unless otherwise indicated.

Section 859b provides, in pertinent part: "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later.

"Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment or plea and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur:

"(a) The defendant personally waives his or her right to preliminary examination within the 10 court days.

"(b) The prosecution establishes good cause for a continuance beyond the 10-court-day period. . . . [¶] If the preliminary examination is set or continued beyond the 10-court-day period, the defendant shall be released pursuant to Section 1318 unless:

"(1) The defendant requests the setting of continuance of the preliminary examination beyond the 10-court-day period.

"(2) The defendant is charged with a capital offense in a cause where the proof is evident and the presumption great.

"(3) A witness necessary for the preliminary examination is unavailable due to the actions of the defendant.

"(4) The illness of counsel.

"(5) The unexpected engagement of counsel in a jury trial.

"(6) Unforeseen conflicts of interest which require appointment of new counsel."

[3] Section 1050.1 provides: "In any case in which two or more defendants are jointly charged in the same complaint, indictment, or information, and the court or magistrate, for good cause shown, continues the arraignment, preliminary hearing, or trial of one or more defendants, the continuance shall, upon motion of the prosecuting attorney, constitute good cause to continue

*Proceedings Below*

The prosecution filed a felony complaint in municipal court against 33 defendants alleging, among other offenses, a large scale criminal conspiracy to distribute narcotics. Bail was set for each defendant at between $200,000 and $300,000 because many of the defendants were in the United States of America illegally and might abscond.[4] Two days before the preliminary hearing, attorneys for two other codefendants moved for a continuance. The discovery provided was too voluminous to adequately prepare for preliminary hearing in the allotted time. The prosecutor had provided 16,000 pages of documents and 100 audiotapes. The magistrate continued the preliminary examination of the moving codefendants from June 28, 1993, to July 14, 1993.

Confronted with a severance created by the continuance order, the prosecution moved, pursuant to section 1050.1, for a continuance of the preliminary hearing as to all defendants, including Samano and Castro-Gaxiola. The motion was granted. Samano and Castro-Gaxiola then requested release from custody on their own recognizance, pursuant to section 859b. The magistrate denied the requests. Samano and Castro-Gaxiola thereafter filed petitions for writs of habeas corpus claiming a statutory right to be released on their own recognizance. The superior court granted the writs and ordered their release on written promises to appear. This appeal ensued.

*Mootness*

The parties agree that the issue presented is technically moot. Samano and Castro-Gaxiola were unable to post the bail fixed by the superior court pending this appeal. Samano, Castro-Gaxiola, and several codefendants were thereafter indicted and joinder of all defendants was accomplished. The parties assert, and we agree, that the issue is likely to recur where some but not all of the defendants joined in a felony complaint obtain a continuance of the preliminary hearing and the prosecutor requests a continuance as to all the defendants to preserve joinder.

■ "In a proceeding that may otherwise be deemed moot we have discretion to resolve an issue of continuing public interest that is likely to

---

the remaining defendants' cases so as to maintain joinder. The court or magistrate shall not cause jointly charged cases to be severed due to the unavailability or unpreparedness of one or more defendants unless it appears to the court or magistrate that it will be impossible for all defendants to be available and prepared within a reasonable period of time."

[4] The record is unclear as to the immigration status of Samano and Castro-Gaxiola. Nevertheless, from the amount of bail set, it is readily apparent that the magistrate considered both significant flight risks.

recur in other cases . . . .” (*Daly* v. *Superior Court* (1977) 19 Cal.3d 132, 141 [137 Cal.Rptr. 14, 560 P.2d 1193].) This is such a case.

### Statutory Construction Rules

In construing statutes, we follow the well-known rules: our objective is to ascertain and effectuate legislative intent (*People* v. *Broussard* (1993) 5 Cal.4th 1067, 1071 [22 Cal.Rptr.2d 278, 856 P.2d 1134]) and the intent of the electorate if the provision was adopted by initiative. (*In re Lance W.* (1985) 37 Cal.3d 873, 889 [210 Cal.Rptr. 631, 694 P.2d 744].) Where, as here, statutes are in pari materia, we construe them together as one statute. (*City of Huntington Beach* v. *Board of Administration* (1992) 4 Cal.4th 462, 468 [14 Cal.Rptr.2d 514, 841 P.2d 1034].) “[A]ll parts of a statute should be read together and construed in a manner that gives effect to each, yet does not lead to disharmony with the others.” (*Ibid.*) We presume that constitutional and legislative provisions were not intended to produce unreasonable results and adopt a common sense construction over one leading to mischief or absurdity. (*Shoemaker* v. *Myers* (1992) 2 Cal.App.4th 1407, 1424 [4 Cal.Rptr.2d 203].) “ ‘A statute must be construed “in the context of the entire statutory system of which it is a part, in order to achieve harmony among the parts.” [Citation.]’ ” (*People* v. *Hull* (1991) 1 Cal.4th 266, 272 [2 Cal.Rptr.2d 526, 820 P.2d 1036].)

### The Dilemma

Respondents and amici curiae have focused on the literal language of section 859b and claim that when section 859b is viewed in isolation, release is mandatory. However, it must be emphasized that it was not the People who initiated the instant dilemma; it was the moving codefendants. That codefendants insisted upon a continuance should not inure to the detriment of the People with the nonmoving codefendants as unintended third party beneficiaries. The People were ready for the preliminary hearing and wanted to go forward, but just once. Section 859b, subdivision (b) is premised on the People as the initiator of the continuance. The People were not required to make any additional showing of “good cause” to continue the preliminary hearing as to the nonmoving codefendants. Section 1050.1 is the equivalent of “good cause.” We also observe that section 859b does not purport to speak to a codefendant situation.

In any event, we do not read section 859b in isolation. (*People* v. *Hull, supra,* 1 Cal.4th at p. 277.) To do so would negate the letter, the spirit, and the fair import of section 1050.1, the California Constitution (art. I, § 30, subd. (a)) and the bail provisions set forth in our state Constitution and

statutes. Were we to focus exclusively on section 859b to the exclusion of these other provisions, an absurdity would result.

### Section 859b

█    Section 859b requires that a person in custody charged with a felony have a preliminary examination within 10 court days of arraignment or plea. (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 6 [177 Cal.Rptr. 325, 634 P.2d 352]; *Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459, 464 [142 Cal.Rptr. 882].) If the district attorney is unable to timely proceed but shows good cause, an in-custody defendant's preliminary examination may be set beyond the 10-court-day limit. However, the defendant must be released from custody on his own recognizance. (*Landrum* v. *Superior Court, supra,* 30 Cal.3d at pp. 5-6, fn. 4.) "Section 859b reflects a clear legislative intention to prevent prolonged incarceration prior to a preliminary hearing." (*Id.,* at p. 12; *People* v. *Kowalski* (1987) 196 Cal.App.3d 174, 178 [242 Cal.Rptr. 32].) Section 859b has been construed as " 'in pari materia' " with section 859, which governs prompt arraignment. (*Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 38 [13 Cal.Rptr.2d 856, 840 P.2d 961].) Both sections dovetail with the defendant's and the People's right to speedy trial. (Cal. Const., art. I, §§ 15, 29.)

Notwithstanding the language of section 859b, exceptions have been carved out, some of which are reflected in the statute. But these statutory exceptions are not exclusive. For example, section 859b has been interpreted as applying only to persons in custody solely by reason of the charges which are the subject of the preliminary hearing. (*Ng* v. *Superior Court, supra,* 4 Cal.4th at p. 38; *Blake* v. *Superior Court* (1980) 108 Cal.App.3d 244, 247 [166 Cal.Rptr. 470].) Where a defendant asserts both his right to a preliminary hearing within 10 court days and his right to effective counsel, the constitutional right prevails. (*People* v. *Kowalski, supra,* 196 Cal.App.3d at p. 179.) Also, when a defendant's mental competence to be self-represented and the need to resolve the issue within the "10 court days rule" are in conflict, the right of self-representation prevails. (*Curry* v. *Superior Court* (1977) 75 Cal.App.3d 221, 226 [141 Cal.Rptr. 884].)

Thus, both case law and the exceptions to section 859b indicate that the defendant's right to a preliminary examination within 10 court days may be tempered by constitutional principles and principles affecting the administration of justice.

### Preference for Joinder

█    Proposition 115, adopted by the voters and effective June 6, 1990, added article I, section 30, subdivision (a) to the California Constitution to

provide, " '[t]his Constitution shall not be construed by the courts to prohibit the joining of criminal cases as prescribed by the Legislature or by the people through the initiative process.' " (*Belton* v. *Superior Court* (1993) 19 Cal.App.4th 1279, 1284 [24 Cal.Rptr.2d 34].) This provision reinforces the joinder statutes, i.e., sections 954.1, 1050.1, 1098, and is broad enough to encompass "cases" at the preliminary hearing.

The California Constitution, statutory law, and case law recognize society's interest in joint trials. "Under . . . section 1098, the 'Legislature has decreed joint trials to be the rule and separate trials the exception.' [Citation.]" (*People* v. *Kelly* (1986) 183 Cal.App.3d 1235, 1239 [228 Cal.Rptr. 681].) "Joint trials play a vital role in the criminal justice system . . . . Many joint trials—for example, those involving large conspiracies to import and distribute illegal drugs—involve a dozen or more codefendants. . . . It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability . . . ." (*Richardson* v. *Marsh* (1987) 481 U.S. 200, 209-210 [95 L.Ed.2d 176, 187, 107 S.Ct. 1702].)

These observations by the United States Supreme Court apply to preliminary hearings. California courts ". . . have given increasing recognition to the benefits to the state of joinder, noting the conservation of judicial resources and public funds and the benefit to the public of reduced delay in the disposition of criminal charges. [Citations.]" (*People* v. *Belton, supra*, 19 Cal.App.4th 1279, 1284.)

### Harmonization

A defendant's statutory rights are " ' "merely supplementary to and a construction of the Constitution. [Citations.]" They do not carry the force of weight of constitutionally mandated imperatives.' " (*People* v. *Kowalski, supra*, 196 Cal.App.3d at p. 179, quoting *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619], which discussed the right to speedy trial reflected in § 1382.) The defendant's statutory right to speedy trial is not without limitation. (*Townsend* v. *Superior Court, supra*, at pp. 781-782; see also *Greenberger* v. *Superior Court* (1990) 219 Cal.App.3d 487, 492-501 [267 Cal.Rptr. 849].) Section 859b implements the defendant's right to a speedy trial. (*People* v. *Kowalski, supra*, 196 Cal.App.3d at p. 179.)

In the context of the section 1382 right to speedy trial within 60 days after the filing of the information, *Greenberger* held that ". . . if the precipitating cause for trial delay is justifiable, such as codefendants' need to adequately prepare for trial, then the section 1098 joint trial mandate constitutes good cause to delay the trial of an objecting [in custody] codefendant." (*Greenberger* v. *Superior Court, supra,* 219 Cal.App.3d at p. 501, fn. omitted.) ▮ The People assert, and we agree, that this reasoning should control joinder at a preliminary hearing.

Here there is no question that the goals of a speedy preliminary hearing, on the one hand, and the joinder and bail provisions, on the other hand, are in conflict. The People meritoriously argue that both sections 859b and 1050.1 must be read in light of the bail provisions of our Constitution and statutes. Bail was set at $300,000 for Samano and $250,000 for Castro-Gaxiola, first by the magistrate and again by the superior court when the People filed the notices of appeal. The amount of bail reflected the concern that respondents were significant flight risks.

▮ "The purpose of bail is to assure the defendant's attendance in court when his [or her] presence is required, whether before or after conviction. [Citations.]" (*In re Underwood* (1973) 9 Cal.3d 345, 348 [107 Cal.Rptr. 401, 508 P.2d 721].) "The government's interest in assuring the presence of the accused at all court proceedings is a compelling one." (*Van Atta* v. *Scott* (1980) 27 Cal.3d 424, 437 [166 Cal.Rptr. 149, 613 P.2d 210].) ▮ A granted request by a codefendant for continuance of the preliminary hearing would have the effect of erasing the earlier bail determination. Where a moving codefendant shows "good cause" for the continuance of a preliminary hearing and his or her motion is granted, this codefendant would "trump" the magistrate's earlier bail determination as to the nonmoving defendants. This would be absurd.[5]

If section 859b is absolute in the present situation, the People run the risk of having fewer than all of the defendants to prosecute at the preliminary hearing if they seek to maintain joinder of several members of a criminal conspiracy when one of them demands and obtains a continuance. This risk is not acceptable and the overall administration of justice would suffer if release were required to maintain joinder.

The People contend that harmony can be achieved between section 859b and section 1050.1 by construing "defendant" in section 859b, subdivision

---

[5]To further illustrate the absurdity, were we to credit respondents' and amici curiae's theory, the in-custody nonmoving defendant could announce his or her intention to flee, and the magistrate would be powerless to prevent it.

(b)(1), to mean all jointly charged defendants. We agree. However, the magistrate has the discretion to release from custody any defendant who finds himself or herself in respondents' situation. Such release, however, is not mandatory.

The commonsense approach suggested by the People does not eviscerate the defendant's right to a speedy preliminary hearing. The People acknowledge that maintenance of joinder if the preliminary hearing is delayed until a codefendant is prepared "qualifies" the nonmoving codefendant's speedy-trial rights—including the statutory right of an in-custody defendant to a prompt preliminary examination. "Qualifies," however, does not mean "abolishes." The hearing must still be held within a reasonable period of time.

Provisions for joinder predate Proposition 115 of which section 1050.1 was a part. The importance of joinder in appropriate cases was underscored by the electorate's addition of article I, section 30 to the California Constitution and section 1050.1. We do not believe that the Legislature or the electorate intended joinder be preserved only for those defendants who have posted bail prior to preliminary hearing. The People's assertion of joinder does not, as a matter of law, trigger release without bail of in-custody defendants likely to flee.

Consequently, we hold that section 859b must be harmonized with section 1050.1 in a multiple-defendant case: The request of one properly joined defendant for a continuance of the preliminary examination with good cause shall be deemed a request of all jointly charged defendants.

The orders granting habeas corpus relief are reversed.

Gilbert, J., concurred.

**STONE (S. J.), P. J.**—I dissent.

Respondents and amici curiae do not view Penal Code section 859b in isolation.[1] Neither do I. Inherent in the application of section 859b is the understanding that the accused, unable to post bail, are being deprived of liberty before probable cause has been established to hold them to answer. Thus, strict application of section 859b is necessary where there has been an excessive invasion of a prisoner's pre-preliminary examination freedom, even where there might be risk of flight. (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 12 [177 Cal.Rptr. 325, 634 P.2d 352].) As the majority opinion

---

[1]All statutory references are to the Penal Code unless otherwise stated.

acknowledges, "Section 859b reflects a clear legislative intention to prevent prolonged incarceration prior to a preliminary hearing." (*Ibid.*; *People* v. *Kowalski* (1987) 196 Cal.App.3d 174, 178 [242 Cal.Rptr. 32].)

The majority opinion states that the People should not be penalized by the risk of having defendants abscond where the continuance is not at the People's behest, but that of a codefendant. What the People and the majority opinion ignore is that the preliminary examination was not continued at *these* defendants' request. The majority opinion states that to read section 859b without reference to other statutes and laws would lead to absurdity. Not so. The flaw in this argument is that joinder statutes, as the People acknowledge, have been around a long time and predate Proposition 115. At no time has the California Supreme Court indicated that joinder of codefendants interferes with or supersedes an in-custody defendant's right to dismissal or release without bail for violation of section 859b's statutory period. The People's interpretation of section 859b, as limited by section 1050.1, would return it to the pre-1970 version when there was no statutory time limit and preliminary examinations merely had to be held without unreasonable delay. (*Landrum* v. *Superior Court, supra,* 30 Cal.3d 1, 12.) "Within a reasonable time" is an amorphous concept that could permit "seemingly limitless preliminary examination detention without a judicial determination of probable cause" and could raise serious constitutional issues. (*Id.*, at p. 11, fn. 14.)

Moreover, the statutory time limitation was strengthened rather than relaxed in 1977 when the Legislature rewrote the statute to provide that both the district attorney and the defendant had a right to a speedy preliminary examination and that the 10-court-day rule could be violated " 'in no instance' " where it was applicable. (*Landrum* v. *Superior Court, supra,* 30 Cal.3d 1, 12; Stats. 1977, ch. 1152, § 1, pp. 3698-3699.) Although the Legislature subsequently carved out the exceptions discussed in the majority opinion, it has done so conservatively and has been vigilant in protecting the right of a defendant not to be incarcerated for prolonged periods without a judicial determination of probable cause.

By accepting the People's reasoning, the majority opinion judicially engrafts an additional exception to section 859b. That is not our prerogative, no matter how wise it may appear. Our function in construing a statute is "to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ." (*People* v. *McMahan* (1992) 3 Cal.App.4th 740, 749 [4 Cal.Rptr.2d 708].) Had the Legislature intended that one codefendant could waive the statutory time limit of section 859b for other codefendants by providing good cause

for a continuance, it would have included such language in the statute. (*In re Christian S.* (1994) 7 Cal.4th 768, 774 [30 Cal.Rptr.2d 33, 872 P.2d 574]; see *People* v. *Mackey* (1985) 176 Cal.App.3d 177, 183 [221 Cal.Rptr. 405].) " ' "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . or from its legislative history." ' " (*Mackey, supra,* at p. 184, discussing the 60-day limitation of section 859b in which a preliminary hearing shall be held.) Furthermore, good cause to continue the preliminary hearing of one defendant may not constitute good cause as to all defendants.

Where the statute specifies exceptions to the general rule, we may not imply or presume other exceptions. (*People* v. *Harris* (1989) 47 Cal.3d 1047, 1082 [255 Cal.Rptr. 352, 767 P.2d 619], disapproved on other grounds in *People* v. *Wheeler* (1992) 4 Cal.4th 284, 299, fn. 10 [14 Cal.Rptr.2d 418, 841 P.2d 938].) The People have other remedies by resorting to the grand jury with no postindictment preliminary hearing (Cal. Const., art. I, § 14.1), or moving for severance under section 954. Seeking an indictment involves a single proceeding and avoids the possibility of multiple preliminary hearings. In fact, that is what the People ultimately did here.

I would therefore reject the majority opinion's attempt to "harmonize" section 1050.1 and section 859b, and leave to the Legislature—or electorate—any further exception to section 859b's mandate. Section 859b means what it says: if a defendant's preliminary hearing is delayed with good cause, the defendant shall be released in the absence of an exception set forth in section 859b. Section 1050.1 gives the prosecution the right to maintain joinder but not to force pre-preliminary examination detention of an in-custody defendant by overriding or limiting the statutory time limits of section 859b.

I would affirm the orders.

Petitions for a rehearing were denied February 16, 1995. Stone, J., was of the opinion that the petitions should be granted. Petitioner's application for review by the Supreme Court was denied May 18, 1995. Mosk, J., Kennard, J., and Werdegar, J., were of the opinion that the application should be granted.