169 Cal.App.4th 454 (2008)
VAHAN HARUTYUNYAN, Petitioner,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Parties in Interest.
No. B208434.
Court of Appeals of California, Second District, Division Eight.
December 19, 2008.
*456 Wegman, Levin & Stanley and Michael M. Levin for Petitioner.
Michael P. Judge, Public Defender, and John Hamilton Scott, Deputy Public Defender, as Amicus Curiae on behalf of Petitioner.
No appearance for Respondent.
Steve Cooley, District Attorney, Phyllis C. Asayama, Shirley S.N. Sun and Natasha Cooper, Deputy District Attorneys, for Real Party in Interest.

OPINION
FLIER, J.
Petitioner Vahan Harutyunyan is charged with grand theft, conspiracy to commit grand theft and with multiple counts of money laundering. He is currently incarcerated in the Los Angeles County jail, with his bail set at $1,987,000. After appearing three times before Commissioner Henry J. Hall on April 7, 9 and 18, 2008, on April 25, 2008, petitioner's counsel informed the court that petitioner would not stipulate to Commissioner Hall. Over petitioner's objections, the preliminary hearing was continued on April 25, 2008, and May 13, 2008, by Commissioner Hall.
On June 12, 2008, petitioner filed a petition for a writ of mandate in this court, claiming that Commissioner Hall lacked the authority to continue the preliminary hearing and that petitioner was entitled to a dismissal because the preliminary hearing had not been conducted within 10 court days after his arraignment. We denied the petition summarily on July 10, 2008. On September 24, 2008, the Supreme Court granted review, directed us to vacate our order denying the petition and required us to issue an order to show cause why the petition should not be granted.
We issued the order to show cause. We conclude, after considering the oral and written arguments of the parties, that, absent a stipulation, Commissioner *457 Hall had no authority to continue the preliminary hearing. Accordingly, we grant the petition and remand with directions to dismiss the complaint.

PROCEDURAL HISTORY
In a complaint filed on April 3, 2008, petitioner and five codefendants were charged with Medicare fraud; the complaint set forth one count of conspiracy to commit grand theft, 24 counts of money laundering and one count of grand theft. The complaint contained special enhancement allegations claiming that over $1 million was taken by defendants. The same day, an arrest warrant was issued in the amount of $1,987,000.
Petitioner appeared with counsel on April 7, 2008, in department 30 before Commissioner Hall, who continued his arraignment to April 9, 2008. On April 9, 2008, all six defendants, petitioner included, appeared before Commissioner Hall, who, after taking defendants' waivers, continued the matter as to all defendants for arraignment and plea to April 15, 2008. The hearings of April 7 and 9, 2008, were in all respects uncontested. The minute order for the hearing of April 9, 2008, indicates that it was stipulated that Commissioner Hall could hear the cause as a temporary judge.
Petitioner was arraigned on April 15, 2008, and entered not guilty pleas to all the charges. On the same day, Commissioner Hall received favorable "own recognizance" (OR) reports about five of the six defendants, petitioner included. After hearing counsel on the matter of OR releases or in the alternative for a reduction of bail, Commissioner Hall indicated that he was not inclined to release any of defendants OR. He stated that he would take the request for a bail reduction under submission and rule later that afternoon on this request. All defendants, including petitioner, requested the bail reduction hearing to be calendared for April 18, 2008.
On April 17, 2008, Commissioner Hall entered a three-page order in which he found that the bail of "$1,987,000 or more is the appropriate bail in this matter."
On April 18, 2008, Commissioner Hall stated that the "[m]atter here as 3 of 10 for preliminary hearing. Request is to continue within the period to April 25, 2008, as 8 of 10. We will trail within the time period as to all defendants to April 25, 2008, as 8 of 10." Petitioner's counsel objected to the bail but Commissioner Hall did not change his ruling. According to a declaration by the deputy district attorney, petitioner's counsel told the court clerk prior to this hearing that "in light of the bail ruling he would no longer stipulate to the Commissioner." This was the first that the deputy heard of any objection to Commissioner Hall.
*458 The hearing on April 25, 2008, commenced with Commissioner Hall stating: "I'm going to refer to a case [citing Foosadas v. Superior Court (2005) 130 Cal.App.4th 649 [30 Cal.Rptr.3d 358]]. And in that case at page 656, the Court of Appeal noted as follows: [¶] `Presiding over a motion to continue a hearing or preliminary hearing conferences are subordinate to judicial duties because they do not raise complex facts and legal issues or contested questions of law.' [¶] So I recognize that there are non-stips in this case as to me, and that's fine. However, I do believe under Foosadas that I can preside over the motion to continue this preliminary hearing and/or proceedings to assign it out." The quotation was not entirely accurate.[1] Nor, as we discuss below, was the issue in Foosadas the continuance of a preliminary hearing.
Petitioner's counsel replied that four of the six defendants, including petitioner, opposed a continuance, while two defendants requested a continuance. Thus, counsel argued, "the court is going to have to make a factual finding due to cause. That is not a subordinate duty but a factual finding. And that is specifically something that we would have to stipulate to and would respectfully request that the court reconsider its position." Commissioner Hall declined to change his ruling.
After further remarks by other counsel and the court about bail that are not material to the proceedings before us, petitioner's counsel stated that he would file a habeas corpus petition, that he was not "stipulating," and that he would add the violation of the "ten-day speedy prelim rights" to the habeas corpus petition.
The next item on the agenda was the waiver of time by the two defendants who requested a continuance. Commissioner Hall then found that there was good cause to continue the matter to May 13, 2008, stating that this was a "lengthy, complex case." There were many documents to be reviewed and other issues such as the identity of informants and witnesses to be studied. Commissioner Hall stated: "We'll establish good cause as to the remaining defendants [the four defendants, including petitioner, who objected to the continuance]. This is a matter that should not be litigated twice. There would be no grounds that I could see to legally sever these defendants. So under Penal Code section 1050.1,[[2]] I am going to find that this matter will be continued as to the objecting defendants."
*459 On May 13, 2008, Commissioner Hall stated that four of the six defendants requested a continuance due to the volume of discovery, i.e., discovery in excess of 4,000 pages. Commissioner Hall went on to find that there was good cause to continue the hearing, and he noted that two of the defendants, including petitioner, were not waiving time. He also noted that June 15, 2008, was the 60th day for the purposes of Penal Code section 859b. (This provision requires dismissal of the complaint if the preliminary hearing has not been held within 60 days from arraignment.)
Petitioner's counsel stated: "For the record, Your Honor, on behalf of [petitioner], we do not stipulate as previously noticed. We also do not waive time and we are announcing ready and we move to sever." Commissioner Hall referred again to Foosadas v. Superior Court, supra, 130 Cal.App.4th 649 (Foosadas) and stood by his earlier ruling. He continued the matter to June 2, 2008.
On May 12, 2008, Judge Steven R. Van Sicklen denied petitioner's petition for a writ of habeas corpus. The order denying the petition found, citing Foosadas, supra, 130 Cal.App.4th 649, that a motion to continue a hearing is a subordinate judicial duty and therefore does not require a stipulation to a commissioner. The order also found that on April 18, 2008, none of the six defendants, including petitioner, had objected to have the matter continued by a commissioner.
We address the matter of Foosadas below. (Post, pp. 463-464.) The court's finding that there was no objection to a continuance on April 18, 2008, was not accurate because on that day the court noted that the matter would trail to April 25, 2008. In any event, unlike on April 25, 2008, there was no objection on April 18, 2008, to the request for a continuance. This made the matter uncontested and thus Commissioner Hall could dispose of it in his capacity as a commissioner. (Post, p. 460, citing and discussing Code Civ. Proc., § 259, subd. (g).)
On June 2, 2008, petitioner's counsel stated that he was ready to proceed and that pursuant to Penal Code sections 859b and 1050.1, petitioner was entitled to be released OR as his preliminary hearing had been continued for the third time beyond the 10-day period. Counsel went on to state: "In an effort to accommodate counsel and the court and due to the various complexities involved, my client [petitioner] is prepared to waive his absolute right to *460 the preliminary hearing within 60 days, but we are still declaring ready. We do not agree to a continuance beyond the 10-day period which would be today, and we renew our objection as to the fact that we have not stipulated." The court then took petitioner's waiver and continued the preliminary hearing to July 7, 2008.
The petition for a writ of mandate that initiated the proceedings before us was filed on June 10, 2008.

DISCUSSION

1. Commissioner Hall Lacked Authority to Grant a Continuance on April 25, 2008

The office of a trial court commissioner is established under the authority of section 22, article VI of the California Constitution: "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties."
The duties of a commissioner are varied. Section 259 of the Code of Civil Procedure sets forth the duties of a commissioner; the list of duties there enumerated is not exclusive. (See generally 2 Witkin, Cal. Procedure (5th ed. 2008) Courts, § 344, pp. 436-437.) The duties that are relevant in the case before us are those set forth in subdivisions (d) and (g) of section 259. Respectively, these are: "(d) Act as temporary judge when otherwise qualified so to act and when appointed for that purpose, on stipulation of the parties litigant"; and "(g) Hear, report on, and determine all uncontested actions and proceedings subject to the requirements of subdivision (d)."
The hearings of April 7, 9 and 15, 2008, with the exception of the matter of bail addressed on April 15, were all uncontested. Thus, Commissioner Hall could hear and dispose of the matters addressed in these hearings in his capacity as a commissioner.[3]
The proceedings of April 25, 2008, addressed the issue whether the preliminary hearing should be continued for the six defendants, two of the defendantsneither being petitionerhaving made a motion for a continuance.
*461 (1) The matter before the court on April 25, 2008, was not an "action"[4] but a "proceeding."[5] "The term `proceeding' may refer not only to a complete remedy (see [Code Civ. Proc.,] § 23) but also to a mere procedural step that is part of a larger action or special proceeding. [Citations.] Thus, even though the filing of an answer to a complaint makes the action itself contested, the failure to oppose a motion that is duly noticed and brought on for hearing in the action makes the motion itself an uncontested proceeding...." (Rooney v. Vermont Investment Corp. (1973) 10 Cal.3d 351, 367 [110 Cal.Rptr. 353, 515 P.2d 297], fn. omitted.) Whether the preliminary hearing should be continued, addressed on April 25, 2008, was a "mere procedural step" (ibid.) in the larger action, i.e., the prosecution of defendants.
As noted, subdivision (g) of Code of Civil Procedure section 259 authorizes a commissioner to hear and determine uncontested proceedings. But the proceedings of April 25, 2008, that addressed the question whether the preliminary hearing should be continued were contested. Petitioner vigorously contended that the preliminary hearing should not be continued, while two codefendants requested a continuance.[6] Thus, Commissioner Hall could not hear and determine these proceedings in his capacity as a commissioner.
(2) It is, of course, true that Commissioner Hall could have heard and determined on April 25, 2008, the question whether the preliminary hearing should be continued in his capacity as a temporary judge. But the record is unmistakably clear that petitioner did not stipulate that Commissioner Hall could preside over the matter as a temporary judge. In fact, petitioner's counsel stated on April 25, 2008, that the finding of good cause warranting a continuance was the resolution of a contested question of fact, and not an exercise of a "subordinate" function, fitting his argument into the constitutional framework (Cal. Const., art. VI, § 22) itself. Petitioner reiterated the stance that he was not stipulating to Commissioner Hall in his petition for a writ of habeas corpus and during the hearings of May 13, 2008, and June 2, 2008. In the absence of a stipulation, Commissioner Hall was not qualified to act as a temporary judge; a stipulation is required by the California Constitution. (People v. Tijerina (1969) 1 Cal.3d 41, 48-49 [81 Cal.Rptr. 264, 459 P.2d 680].)
The real party in interest, the People of the State of California, rely on the entry in the minute order of April 9, 2008, which states that it was stipulated *462 that Commissioner Hall could hear the cause as a temporary judge. Petitioner maintains that this entry was in error and that he never stipulated that Commissioner Hall could preside as a temporary judge. Petitioner points to the reporter's transcript of the hearing of April 9, 2008, which makes no mention of any stipulation. It appears that petitioner has the better of this argument since Commissioner Hall noted at the outset of the hearing on April 25, 2008, that "`. . . I recognize that there are non-stips in this case as to me....'" (Ante, p. 458.)
We need not resolve this contested question of fact since the proceedings of April 9, 2008, addressed the continuance of the arraignment, and not any aspect of the preliminary hearing. The difference between continuing, without opposition, the arraignment of defendants, on the one hand, and, on the other, of continuing, over the objection of some of the defendants, the preliminary hearing in a prosecution involving multiple defendants is both clear and substantial.
(3) From a functional and pragmatic perspective, the matter of continuing the preliminary hearing was a new and important question that was very different from the routine considerations involved in the uncontested continuance of the arraignment. Substantively, the continuance of the preliminary hearing implicated the provisions of Penal Code section 859b, which bears not only on petitioner's personal liberty but also on the maintenance of the entire action. Thus, while a defendant can readily accept a commissioner to preside over the uncontested continuance of an arraignment, the same defendant can understandably insist on the right to have a judge preside over the contested continuance of a preliminary hearing.
(4) The exercise of judicial power is a matter governed by the Constitution. (Cal. Const., art. VI, §§ 1, 4.) The person by whom the judicial function is exercised, the judge, is of course an essential component of the exercise of judicial power. (Hamblin v. Superior Court (1925) 195 Cal. 364, 368 [233 P. 337].) The right to have a judge preside is a right of constitutional dimension. Petitioner clearly had the right to have the contested proceedings about the continuance of the preliminary hearing heard and determined by a judge of the superior court.
It follows that, absent a stipulation that Commissioner Hall could serve as a temporary judge for the purposes of the hearing on April 25, 2008, he did not have the authority to preside over that hearing nor the authority to rule on the motion to continue the preliminary hearing.

*463 2. Foosadas, supra, 130 Cal.App.4th 649 Did Not Empower Commissioner Hall to Continue the Preliminary Hearing over Petitioner's Objection

Contrary to Commissioner Hall's ruling, and the opinion of the court that denied petitioner's petition for a writ of habeas corpus, Foosadas did not authorize Commissioner Hall to preside over the hearing on April 25, 2008, that addressed the motion of four of petitioner's codefendants to continue the preliminary hearing.
In Foosadas, the defendant was arraigned on a felony complaint charging him with failing to stop at the scene of an accident. "Following a series of appearances at the Tracy branch of the San Joaquin County Superior Court for arraignment and pre-preliminary hearing conferences variously conducted by judges, retired judges, and by Commissioner Kronlund, not acting as a temporary judge, a preliminary hearing was set before Commissioner Kronlund." (Foosadas, supra, 130 Cal.App.4th at p. 653.) The defendant filed a written notice of "nonstipulation" to Commissioner Kronlund, who disallowed the defendant's refusal to stipulate. The commissioner based his ruling on a local rule, which provided that the parties were deemed to have stipulated to a commissioner acting as a temporary judge unless an oral or written objection was made in open court prior to the commencement of the first hearing on the matter. (Ibid.)
The appellate court held that "[t]he trial court's attempt to create a rule that a party must object to the participation of a commissioner prior to the first hearing on a case, whether or not the hearing involves the performance of subordinate judicial duties not requiring a stipulation, is without legal foundation." (Foosadas, supra, 130 Cal.App.4th at p. 655.) The appellate court held that a preliminary hearing does not involve a subordinate judicial duty and that, for this reason, the defendant would have had to stipulate to Commissioner Kronlund. The court held the local rule in question to be invalid. (Ibid.)
We have already set forth the passage from Foosadas on which Commissioner Hall and the superior court relied. (Fn. 1, ante.) There are three reasons why reliance on Foosadas was misplaced.
First. The passage on which the commissioner and the superior court relied speaks of continuing a "hearing and pre-preliminary hearing conferences," not of continuing the preliminary hearing itself. There is a substantial difference between a prepreliminary hearing conference and the preliminary *464 hearing. While the former is likely to involve routine and uncontested matters, the latter is a contested, adversarial proceeding. And, as the proceedings in this case illustrate, the continuance of a preliminary hearing, as opposed to a prepreliminary hearing conference, in a case involving multiple defendants may well be a sharply contested matter.
Second. The passage in question is based on the correct assumption that continuing a prepreliminary hearing conference usually does not involve complex facts, legal issues or contested questions of law. None of this is true of continuing the preliminary hearing in this case. For one, the continuance of the preliminary hearing raised the complex question whether In re Samano (1995) 31 Cal.App.4th 984 [37 Cal.Rptr.2d 491] was correctly decided and whether it should be followed.
Third. The passage is entirely extraneous to the holding of the appellate court, which was that the local rule deeming the parties to have stipulated in the absence of an initial objection was invalid. Thus, the passage is dictum.
Foosadas did not authorize Commissioner Hall to preside over a contested hearing on the subject of continuing the preliminary hearing.

3. Because Commissioner Hall Lacked the Authority to Preside over the Hearing on April 25, 2008, the Complaint Must Be Dismissed

(5) Penal Code section 859b provides in relevant part that whenever "the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment." The exceptions to this rule are when the defendant personally waives the right to a preliminary hearing within 10 days and when the prosecution establishes good cause for a continuance beyond the 10-court-day period. (Pen. Code, § 859b.)
(6) The hearing on April 25, 2008, did not take place before a judge or a temporary judge. Thus, there was no qualified judicial officer to rule on whether the prosecution established good cause for the continuance. Therefore, neither of the exceptions set forth in Penal Code section 859b apply. Accordingly, the complaint must be dismissed. (Pen. Code, § 859b.)
Because of our disposition of this petition, it is not necessary for us to address and decide the question whether In re Samano, supra, 31 Cal.App.4th 984 was correctly decided and whether it should be followed.

*465 DISPOSITION
The petition for a writ of mandate is granted. The respondent court is directed to dismiss the complaint pursuant to the provisions of Penal Code section 859b.
Cooper, P. J., and Rubin, J., concurred.
NOTES
[1] The passage states: "The real party in interest agrees that presiding over a motion to continue a hearing and pre-preliminary hearing conferences are subordinate judicial duties because they do not raise complex facts and legal issues or contested questions of law." (Foosadas, supra, 130 Cal.App.4th at p. 655, italics added.)
[2] "In any case in which two or more defendants are jointly charged in the same complaint, indictment, or information, and the court or magistrate, for good cause shown, continues the arraignment, preliminary hearing, or trial of one or more defendants, the continuance shall, upon motion of the prosecuting attorney, constitute good cause to continue the remaining defendants' cases so as to maintain joinder. The court or magistrate shall not cause jointly charged cases to be severed due to the unavailability or unpreparedness of one or more defendants unless it appears to the court or magistrate that it will be impossible for all defendants to be available and prepared within a reasonable period of time." (Pen. Code, § 1050.1.)
[3] Government Code section 72190.1 specifically authorized Commissioner Hall to conduct the arraignment in his capacity as a commissioner.
[4] "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22.)
[5] "Every other remedy is a special proceeding." (Code Civ. Proc., § 23.)
[6] By May 13, 2008, four of the defendants, not including petitioner, were requesting a continuance.