[No. C049375. Third Dist. June 22, 2005.]

CRISTIAN DAVID FOOSADAS, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY;
Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Gerald L. Gleeson, County Public Defender, Jean C. IV and Nelson C. Lu, Deputy County Public Defenders, for Petitioner.

Howard Rice Nemerovski Canady Falk & Rabkin and Steven L. Mayer for Respondent.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, J. Robert Jibson and Raymond L. Brosterhous II, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**BLEASE, Acting P. J.**—This case presents an important question concerning the right of a litigant to the performance of a judicial function by a judicial officer.

The defendant was denied a preliminary hearing before a judge on the ground that he impliedly stipulated to the service of a temporary judge in lieu of a judge in any proceeding in the case because he failed to file "an oral or written objection . . . in open court prior to the commencement of the first hearing on the matter." He filed a writ petition in this court seeking to set aside an order issued pursuant to the rule and to set a preliminary hearing before a judicial officer.

We issued a *Palma* letter to consider the validity of the rule. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) The real party in interest, represented by the Attorney General, conceded the rule was in error in its response on the merits but argued that since the commissioner before whom the preliminary hearing was to be held (Commissioner Kronlund) has been appointed to the superior court, any relief granted would "necessarily address a hypothetical situation."[1] We disagree. The issue on appeal does not turn on a specific individual but on the rule by which the stipulation is implied. The issue is not moot and we will consider the validity of the rule.

A subordinate judicial officer may serve as a temporary judge only upon the stipulation of the parties litigant. (Cal. Const., art. VI, § 21; Code Civ. Proc., § 259, subd. (d).) This requires an express or implied stipulation that the particular proceeding may be conducted by a temporary judge.

We will issue a peremptory writ of mandate directing respondent superior court to vacate its order of March 22, 2005, disallowing defendant's refusal

---

[1] The respondent superior court requested an extension of time three days prior to the deadline to file a separate brief. We denied the request and no brief was filed.

to stipulate to the conduct of a preliminary hearing by a court commissioner and directing that a preliminary hearing be held before a judge.

## FACTS AND PROCEDURE

Defendant was arraigned on a felony complaint charging him with failing to stop at the scene of an accident involving injury to a person. (Veh. Code, § 20001, subd. (b)(2).) Following a series of appearances at the Tracy branch of the San Joaquin County Superior Court for arraignment and pre-preliminary hearing conferences variously conducted by judges, retired judges, and by Commissioner Kronlund, not acting as a temporary judge, a preliminary hearing was set before Commissioner Kronlund.

Defendant's trial counsel filed a written notice of "nonstipulation" to the conduct of a preliminary hearing by Commissioner Kronlund. Commissioner Kronlund disallowed defendant's refusal to stipulate, relying on a rule memorialized in a plaque located outside the courtroom. The commissioner stated: "[S]ince prior to January of 2004, probably 2002, but for a number of years, there has been permanent signs mounted outside of the doors to the courtrooms, and I am going to attach a copy to the court file. And it states: Notice, A Commissioner has been appointed by the San Joaquin County Superior Court to act as a temporary judge in all matters heard in both Department T-1 and T-2. All parties and their attorneys are *deemed to have stipulated to a Commissioner acting as a temporary judge unless an oral or written objection is made in open court prior to the commencement of the first hearing on the matter.*" (Italics added.)[2]

Defendant filed a petition for writ of mandate with this court on March 30, 2005, seeking a peremptory writ in the first instance, compelling respondent court to vacate its order and directing that a preliminary hearing be set before a judicial officer. We stayed further proceedings and issued a *Palma* letter. (*Palma v. U.S. Industrial Fasteners, Inc., supra*, 36 Cal.3d 171 [203 Cal.Rptr. 626].) The real party in interest filed a response on the merits which concluded that "[s]ince nothing about Petitioner's counsel's conduct at [the] earlier hearings, in which apparently no disputed facts or law were in issue, could be considered tantamount to implied consent to . . . stipulation, the order of March 22, 2005, appears to have been invalid."

## DISCUSSION

Defendant and the real party in interest, represented by the Attorney General, agree that Commissioner Kronlund's ruling that defendant had

---

[2] The record does not show in what manner the plaque was authorized. However, the court treated the matter as a rule binding on the defendant and so will we. (Cal. Rules of Court, rule 200.1(5).)

impliedly stipulated to her conduct of the preliminary hearing for failure to post an objection at the first hearing in the case was in error. The real party in interest suggests, however, that the matter is moot because Commissioner Kronlund has been appointed to the Superior Court of San Joaquin County.

Although Commissioner Kronlund is now a superior court judge and may serve as a magistrate without the consent of the parties litigant, the defendant is nonetheless subject to the rule unless it is invalidated. Accordingly, the case is not moot because a substantial issue affecting the rights of the defendant in the case remains. (See 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 83, p. 148.)

■ The authority for the appointment of a commissioner is found in the California Constitution. "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners *to perform subordinate judicial duties.*" (Cal. Const., art. VI, § 22, italics added.) The Legislature has specified the powers of a commissioner and the circumstances in which a commissioner may act as a temporary judge, but none permit a commissioner to act as a temporary judge without the stipulation of the parties. "The tasks of a commissioner are demanding and varied. Commissioners may: hear and decide small claims cases (Gov. Code, § 72190); conduct arraignments (Gov. Code, § 72190.1); issue bench warrants upon a defendant's failure to appear or obey a court order (Gov. Code, § 72190.2); sit as juvenile court hearing officers (Welf. & Inst. Code, §§ 247–253); decide ex parte motions for orders and writs ([Code Civ. Proc.,] § 259, subd. (a)); approve bonds and undertakings ([Code Civ. Proc.,] § 259, subd. (c)); decide preliminary matters in prescribed domestic relations matters, including custody of children, support, costs and attorney fees ([Code Civ. Proc.,] § 259, subd. (f)); and hear actions to establish paternity and enforce child and spousal support orders ([Code Civ. Proc.,] § 259, subd. (g)). These duties require no stipulation." (*Settlemire v. Superior Court* (2003) 105 Cal.App.4th 666, 670 [129 Cal.Rptr.2d 560].)

■ The state Constitution also provides for the appointment of a temporary judge. "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." (Cal. Const., art. VI, § 21.) The Legislature has authorized a commissioner to perform the duties of a temporary judge with the consent of the parties. A commissioner may "[a]ct as temporary judge when otherwise qualified so to act and when appointed

for that purpose, on stipulation of the parties litigant." (Code Civ. Proc., § 259, subd. (d).)[3] However, a preliminary hearing does not involve a subordinate judicial duty. It must be conducted by a magistrate who is a superior court judge or justice of the Court of Appeal or Supreme Court. (Pen. Code, §§ 808, 858–883.)

The trial court's attempt to create a rule that a party must object to the participation of a commissioner prior to the first hearing on a case, whether or not the hearing involves the performance of subordinate judicial duties not requiring a stipulation, is without legal foundation.

■ The real party in interest agrees that presiding over a motion to continue a hearing and pre-preliminary hearing conferences are subordinate judicial duties because they do not raise complex facts and legal issues or · contested questions of law. (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 360–362 [110 Cal.Rptr. 353, 515 P.2d 297]; *People v. Lucas* (1978) 82 Cal.App.3d 47, 50–51 [147 Cal.Rptr. 235].)

■ The real party in interest concedes defendant has not participated in a hearing before Commissioner Kronlund acting as a temporary judge. Since neither party to a proceeding involving a subordinate judicial duty need stipulate that a commissioner may preside over it, no stipulation can be implied from the party's participation in it. "[A]n implied stipulation arises from the parties' common intent that the subordinate officer hearing their case do things which, in fact, *can only be done by a judge.*" (*In re Mark L.* (1983) 34 Cal.3d 171, 179, fn. 6 [193 Cal.Rptr. 165, 666 P.2d 22], italics deleted & added.)

■ An implied stipulation, also called a de facto or tantamount stipulation, may be made if the hearing involves the performance of judicial function, e.g., a trial, sentencing, or preliminary hearing, and the party affirmatively participates in the proceeding and fails to object to the conduct of the proceeding by a commissioner until after it is completed. (*In re Horton* (1991) 54 Cal.3d 82, 91 [284 Cal.Rptr. 305, 813 P.2d 1335] [defense counsel proceeded to trial before a commissioner in a capital case without objection].) " 'An attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on receiving a result unfavorable to him.' " (*Ibid.*)

Because the rule at issue is invalid we will issue the relief requested.

---

[3] The statute was amended in 2004. Formerly, a written stipulation was required. (Stats. 2004, ch. 49, § 1.)

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order of March 22, 2005, disallowing defendant's refusal to stipulate to Commissioner Kronlund and to vacate the rule which directs a forfeiture of the right to a hearing before a judge for failure to object at the first hearing in the case. Upon finality of this opinion, the stay of further proceedings in respondent superior court is vacated.

Robie, J., and Butz, J., concurred.