Filed 3/27/14  Rochefort v. Chandler CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LINDY ROCHEFORT,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>JEREMY CHANDLER,<br><br>    Defendant and Respondent. | G048006<br><br>(Super. Ct. No. 30-2012-00598194)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Jane D. Myers, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Motion for sanctions.  Judgment reversed.  Motion denied.

Lindy Rochefort, in pro. per., for Plaintiff and Appellant.

Michael Creamer for Defendant and Respondent.

\*          \*          \*

On September 14, 2012 plaintiff Lindy Rochefort filed a request for a civil harassment restraining order against defendant Jeremy Chandler. Plaintiff was the daughter and defendant was the grandson of Theresa Rochefort. Plaintiff claimed that two weeks prior, defendant had illegally entered her mother's apartment and taken her backpack containing documents and $300. Plaintiff also alleged defendant "physically pulled [her] to the ground." Judge Robert Gallivan issued a temporary restraining order (TRO).

Defendant answered, filing a declaration in which he denied plaintiff's allegations.

After one continuance at defendant's request, where the TRO was reissued, the case was assigned to Commissioner Jane D. Myers. Commissioner Myers granted a continuance at plaintiff's request, specifically ruling, with plaintiff's consent, she would not reissue the TRO.

Subsequently the matter was tried. After receipt of plaintiff's and defendant's declarations, testimony, and argument, the court ruled there was no clear and convincing evidence defendant had harassed plaintiff. It awarded defendant $2,000 in attorney fees. The court denied plaintiff's subsequent motion to vacate the judgment filed pursuant to Code of Civil Procedure section 473.

Plaintiff does not appeal the denial of the restraining order. Instead, she challenges only the award of attorney fees. She argues the judgment should be reversed because she was not told she had the right to have a judge try the matter and did not stipulate to a commissioner hearing the matter. We agree the judgment must be reversed.

Under Code of Civil Procedure section 259, subdivision (d), a commissioner may sit as a temporary judge "when otherwise qualified so to act and when appointed for that purpose, on stipulation of the parties litigant." (Accord, Cal. Const., art VI, § 21 ["On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge"].) "The jurisdiction of a court commissioner . . . to try a cause

2

derives from the parties' stipulation." (*In re Horton* (1991) 54 Cal.3d 82, 90.) Without "a proper stipulation," a judgment entered by a commissioner is void. (*Ibid*.) The record before us does not contain any evidence of a stipulation.

Defendant argues plaintiff impliedly stipulated to have Commissioner Myers hear the matter by participating in the trial. "An implied stipulation, also called a de facto or tantamount stipulation, may be made if the hearing involves the performance of judicial function, e.g., a trial, sentencing, or preliminary hearing, and the party affirmatively participates in the proceeding and fails to object to the conduct of the proceeding by a commissioner until after it is completed. [Citation.]" (*Foosadas v. Superior Court* (2005) 130 Cal.App.4th 649, 655.)

But an implied stipulation can occur only when the party has notice of her right to object to the commissioner acting as a temporary judge. (See *Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1037 [dicta where court found the defendant knew of right to object to commissioner in child support hearing and allowed hearing to go forward].) "'[A]n implied stipulation arises from the parties' common intent that the subordinate officer hearing their case do things which, in fact, can only be done by a judge.' [Citation.]" (*Foosadas v. Superior Court*, *supra*, 130 Cal.App.4th at p. 655, italics omitted.)

In her declaration in support of Code of Civil Procedure section 473 motion, plaintiff stated she never stipulated to have Commissioner Myers try the matter. On appeal, without citation to the record, plaintiff asserts she was never told she had the right to have a judge decide the case and, had she known, she would have opted for a judge.

While this is not particularly strong evidence, there is nothing contrary in the record to show or even suggest plaintiff knew of her right to have a judge try the case and instead allowed Commissioner Myers to proceed. Therefore, we cannot conclude there was an implied stipulation. We have no choice, then, but to reverse the judgment.

Contrary to plaintiff's request, there is no basis for dismissing the action. While we can sympathize with the fact she was dealing with her mother's illness at the time the events underlying this action occurred, it is not good cause to dismiss the matter. Rather, we are reversing and remanding the case to the superior court for further proceedings consistent with this opinion.

In light of our decision based on the lack of stipulation, we need not discuss any of plaintiff's other arguments in support of her claim the judgment should be reversed.

Further, because we reverse the judgment, defendant's motion for sanctions for filing a frivolous appeal is denied.

The judgment is reversed and remanded. Plaintiff is awarded costs on appeal.

THOMPSON, J.

WE CONCUR:

MOORE, ACTING P. J.

IKOLA, J.

4